# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SUE ANN SCHAFER and
PATRICIA S. HOWARD,

    Plaintiffs,

v.                                                  **Case No. 5:13cv375/WS/CJK**

WILLIE WILLIAMS and
BERNADETTE RUNNING
DOE RODGERS,

    Defendants.
_____/

## **AMENDED REPORT AND RECOMMENDATION**[1]

The plaintiffs initiated this action on May 14, 2013, in the Circuit Court for the Fourteenth Judicial District of Jackson County, Florida, seeking to quiet title to certain property located in Jackson County. The defendants were served with a summons and copy of the complaint on July 5, 2013. They removed the matter to this court on November 7, 2013 (doc. 1), invoking the court's diversity jurisdiction. The plaintiffs have filed a motion to remand (doc. 5), arguing that removal was untimely and that the defendants have failed to demonstrate that removal otherwise was proper.

---

[1] The court entered a Report and Recommendation on January 14, 2014, in which it inadvertently failed to include the notice to the parties regarding the opportunity to file objections. This Amended Report and Recommendation is identical to the one previously entered except for the fact that it includes the notice regarding objections. The prior Report and Recommendation (doc. 6) is hereby **VACATED**.

Case No. 5:13cv375/WS/CJK

For the reasons set forth below, the court agrees.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In the diversity context, federal courts have jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal must be filed within thirty days of "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). A limited exception to the rule regarding receipt of the initial pleading is provided:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Because federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "The failure to comply with the[ ] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c)." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). The removing party bears the burden of proving that removal was proper, and

any doubts concerning the propriety of removal should be resolved in favor of remand. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Univ. of S. Ala.*, 168 F.3d at 411.

Here, the defendants did not remove the case until more than one hundred and twenty days after they were served with a copy of the complaint. Removal, therefore, was untimely.

Even assuming a timely filing, the case must be remanded because the defendants have failed to establish that this court has subject matter jurisdiction. Indeed, the defendants have not established that the parties are of diverse citizenship or that the amount in controversy exceeds $75,000, exclusive of interest and costs. Rather, in the notice of removal, the defendants state simply that the "plaintiffs are citizens of the United States and the defendants are Choctaw Indians." Crediting the veracity of this assertion, which the plaintiffs challenge, it is insufficient to establish this court's jurisdiction. Not only is there no indication as to the defendants' domicile, but there is no mention, let alone proof, of the amount in controversy, which is not specifically pled in the plaintiffs' complaint. When the amount of damages is not specified in the state court complaint, "'a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the. . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrograted on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000))

Accordingly, it is hereby RECOMMENDED as follows:

1. That Plaintiff's Motion to Remand (doc. 5) be GRANTED; and

2. That the clerk of court be directed to remand this matter to the state court from which it is removed.

**DONE AND ORDERED** this 21st day of January, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).